UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No.: | 2:24-CV-08063-AB-PVC | Date: | November 14, 2024 |

| | |
|---|---|
| Title: | Rima Zoroyan v. Mercedes-Benz USA LLC et al. |

| Present: The Honorable | ANDRÉ BIROTTE JR., United States District Judge |
|---|---|
| Daniel Tamayo<br>Deputy Clerk | N/A<br>Court Reporter |
| Attorney(s) Present for Plaintiff(s):<br>None Appearing | Attorney(s) Present for Defendant(s):<br>None Appearing |

**Proceedings:** [In Chambers] ORDER DENYING MOTION TO REMAND [Dkt. No. 11]

Before the Court is Plaintiff Rima Zoroyan's ("Plaintiff") Motion for Remand to State Court ("Motion," Dkt. No. 11). Defendant Mercedes-Benz USA LLC ("Defendant") filed an Opposition (Dkt. No. 15) and a Request for Judicial Notice ("RJN," Dkt. No. 16), to which Plaintiff did not reply. Finding this matter suitable for decision without oral argument, the Court **VACATES** the hearing scheduled for November 15, 2024. For the following reasons, Plaintiff's Motion is **DENIED**.

## I.  Background

On August 16, 2024, Plaintiff filed a Complaint in Los Angeles County Superior Court, alleging breach of implied warranty of merchantability and breach of express warranty under the Song-Beverly Consumer Warranty Act arising out of alleged defects in a 2020 Mercedes-Benz GLS580W4 ("Vehicle") purchased on or about September 23, 2020. *See* Compl. (Dkt. No. 1-1) ¶¶ 6, 24–62.

On September 9, 2024, Defendants removed the case to this court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332, 1441(B), and 1446. Notice of Removal ("NOR," Dkt. No. 1). Plaintiff now moves to remand the case, arguing that Defendants have not established the requisite amount in controversy.

## II. Legal Standard

Federal courts are courts of limited jurisdiction and thus have subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal," statutes conferring jurisdiction are "strictly construed and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).

A defendant may remove a civil action filed in state court to federal district court when the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). "The burden of establishing jurisdiction falls on the party invoking the removal statute, which is strictly construed against removal." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987) (internal citations omitted); *see also Duncan*, 76 F.3d at 1485. "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If any doubt exists as to the right of removal, federal jurisdiction must be rejected. *Id.* at 566–67; *see also Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Id.* at 566) ("[T]he court resolves all ambiguity in favor of remand to state court.").

For an action based on diversity of citizenship, as here, the parties must be citizens of different states and the dispute must involve an amount in controversy over $75,000.00. 28 U.S.C. § 1332(a)(1). While "'a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' . . . '[e]vidence establishing the amount is required'" when "defendant's assertion of the amount in controversy is contested by plaintiffs." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)). The defendant must establish the amount in controversy by a preponderance of the evidence. *See Dart*, 135 S. Ct. at 553–54.

### III. Discussion

Here, the parties do not dispute there is complete diversity between Plaintiff and Defendant. The only dispute is whether the requisite amount in controversy for federal jurisdiction has been satisfied. Plaintiff contends that, because Defendant has not carried its burden of proving the amount in controversy by a preponderance of the evidence, this Court lacks subject matter jurisdiction, and this action should be remanded to state court. The Court disagrees.

#### a. Legal Standard for Calculating the Amount in Controversy

The amount in controversy required for diversity jurisdiction is a sum greater than $75,000, not including interest and costs. 28 U.S. Code § 1332. In assessing whether the amount in controversy is met, courts first look at whether "on its face" a complaint meets the federal jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). If the complaint alleges an amount that meets the threshold, the amount in controversy is "presumptively satisfied unless it appears to a 'legal certainty' that plaintiff cannot actually recover that amount." *Guglielmino* at 699. However, where the amount in controversy is unclear in the complaint, "we apply a preponderance of the evidence standard." *Guglielmino* at 699. In a case removed from state court, the burden of proving the amount in controversy is placed on the removing defendant. *See Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676 (9th Cir. 2006).

The amount in controversy for purposes of diversity jurisdiction "includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." *Fritsch v. Swift Transportation Company of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018). District courts may rely upon "their own knowledge of customary rates and their experience concerning reasonable and proper fees." *Id*. at 795 (quoting *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011)).

#### b. Amount Pled on the Face of the Complaint

The amount in controversy is not clear from the face of the Complaint. *See generally* Compl. Plaintiff seeks actual, incidental and consequential damages, a two-times civil penalty, and attorneys' fees and costs—but does not allege particular amounts for any of the relief. *See* Compl. at 10 ("Prayer for Relief"). While Plaintiff's Complaint alleges that the amount in controversy exceeds

$25,000, nothing in the Complaint indicates whether the total amount Plaintiff seeks exceeds $75,000. *See* Compl. ¶ 19. Therefore, Defendants must show by a preponderance of the evidence that the amount in controversy exceeds $75,000.

### c. Defendant's Showing of the Amount in Controversy

Plaintiff seeks relief for Defendant's alleged violations of the Song-Beverly Act and alleges that, in addition to actual damages, he is entitled to "a civil penalty of up to two times the amount of actual damages in that [Defendant] has willfully failed to comply with its responsibilities[.]" Compl. ¶¶ 24–62. According to the Song-Beverly Act, Plaintiff can recover actual damages and other equitable relief, a "civil penalty which shall not exceed two times the amount of actual damages," and a "sum equal to the aggregate amount of costs and expenses, including attorney's fees." Cal. Civ. Code §§ 1794(a), 1794(d), and 1794(e). Actual damages under the Song-Beverly Act are equal to "the actual price paid or payable by the buyer" plus any incidental damages pursuant to § 1794, minus "any collateral charges such as sales or use tax, license fees, registration fees, and other official fees" and the "amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor." Cal Civ. Code § 1793.2(d)(2)(B) – (C).

### i. Actual Damages

Defendant's Notice of Removal provides undisputed evidence that the amount paid or payable under the lease by Plaintiff for the Vehicle is $66,541.71. NOR, Ex. B (Dkt. No. 1-2). While this Court "generally does not consider mileage offsets … in calculating the amount in controversy, as such offsets sound more in the nature of a defense," *Pristave v. Ford Motor Co.*, No. CV 20-04892-AB (EX), 2020 WL 4883878, *3 (C.D. Cal. Aug. 20, 2020), Plaintiff contends that Defendant failed to account for the statutory mileage offset, as well as a contractual rebate. Motion at 6. However, a statutory mileage offset need not be considered when calculating the amount in controversy, as the "amount in controversy is established by what the plaintiff demands, not by any reductions that a defendant might achieve through its defenses." *Selinger v. Ford Motor Co.*, 2023 WL 2813510, at *8 (C.D. Cal. Apr. 5, 2023); *see also*, *Correa v. Ford Motor Co.*, No. 2:23-CV-02389-AB-PD, 2023 WL 4587630 (C.D. Cal. July 17, 2023). Regardless, it is undisputed that Plaintiff's actual damages—whether in the full amount of the contract price ($66,541.71, *see* NOR, Ex. B) or after subtracting a purported mileage offset and contractual rebate from that amount ($41,861.79, *see* Motion at 6)—do not exceed $75,000. Thus, whether removal is proper turns on

Plaintiff's claim for civil penalties.

### ii. Civil Penalty

"[T]he Court can include the Song-Beverly Act's civil penalty damages in the amount in controversy calculation." *Mullin v. FCA US, LLC*, CV 20-2061-RSWL-PJW, 2020 WL 2509081, at *4 (C.D. Cal. May 14, 2020); s*ee also Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002) (citing *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963)). Plaintiff argues Defendant did not make a serious attempt to justify the inclusion of a civil penalty in the amount in controversy and that Defendant "cannot cite a single specific allegation in Plaintiff's complaint regarding willfulness." Motion at 7. Contrary to Plaintiff's assertion, defendants need not make a detailed case against themselves as to why civil penalties are likely when a complaint "expressly requests a civil penalty of up to two times the amount of Plaintiff's actual damages." *Pristave*, 2020 WL 4883878 at *3.

Some courts have found that inclusion of civil penalties is improper without more of a showing by the defendant that such penalties are likely. *See*, *e.g.*, *Pennon v. Subaru of Am., Inc.*, No. 2:22-CV-03015-SB-RAO, 2022 WL 2208578, *2 (C.D. Cal. June 17, 2022) (holding that reliance "on a conclusory allegation in that complaint" is "insufficient") (collecting cases). However, this Court is unpersuaded by that approach. The "amount in controversy represents only the 'amount at stake in the underlying litigation,' not the likely liability." *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 774 (9th Cir. 2020) (citing *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016). If the law entitles Plaintiff to civil penalties if he prevails on his claim of willfulness, then those penalties are at stake, "whatever the likelihood that [he] will actually recover them." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018). As other district courts in the Ninth Circuit have noted, civil penalties merit inclusion because "in determining the amount-in-controversy, courts are to consider the 'maximum recovery the plaintiff could reasonably recover.'" *Selinger*, 2023 WL 2813510 at *9 (quoting *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019)). Further, requiring defendants to make a showing beyond the allegations in the complaint would "lead to the untenable result of Defendant having to prove up its own liability for civil penalties to demonstrate the amount in controversy." *Id*.

Plaintiff alleged that Defendant's actions were willful and sought civil penalty relief of two-times the actual damages. *See* Compl. ¶ 34 ["The failure of

Defendants, and each of them, to refund the price paid and payable or to replace the Vehicle was intentional and justifies an award of a Civil Penalty in an amount not to exceed two times Plaintiff's actual damages"], ¶ 44 [Defendants "knew of their obligations under the Song-Beverly Act; however, despite Plaintiff's demand, Defendants, and each of them, have intentionally failed to make restitution or replacement"], and ¶ 62 [Defendant "has willfully failed to comply with its responsibilities under the Song-Beverly Act"]. Thus, the Court will consider the maximum civil penalty because that is what Plaintiff put in controversy. *See Verastegui v. Ford Motor Co.*, No. 19 CV-04806-BLF, 2020 WL 598516, at *3 (N.D. Cal. Feb. 7, 2020); *Treauhaf v. Mercedes-Benz USA, LLC*, No. 2:20-cv-11155-SVW-GJS, 2021 WL 2864877, at *2 (C.D. Cal. July 16, 2021); *Rahman v. FCA US LLC*, Case No. 2:21-cv-02584-SB, 2021 WL 2285102, at *2-3 C.D. Cal. June 4, 2021. Even applying Plaintiff's mileage offset, the combined actual and civil penalty damages would be $125,585.37 ($41,861.79 + [2 x $41,861.79]). Considering the total payment due under the lease, without the offset, the amount in controversy is at least $199,625.13 ($66,541.71 + [2 x $66,541.71]). Using either party's calculation of actual damages, the amount in dispute surpasses $75,000.

### iii. Attorney's Fees

A prevailing Plaintiff is entitled to reasonable attorney's fees under the Song-Beverly Act. Cal. Civ. Code § 1794(d). Defendant's counsel provides an estimate of $22,500 accruing in attorneys fees based on the expectation that "at minimum" Plaintiff's counsel will bill 50 hours litigating the matter (including appearances, discovery, pleading and motion practice, and trial preparation) at $450 per hour. Opposition at 9; *see also*, NOR, Gallagher Decl. ¶¶ 10, 12. Defendant cites several comparable cases where plaintiff's attorneys were awarded fees greater than Defendant's estimation.[1] *Id*. Since these fees are authorized by statute, it is proper to include them in the amount in controversy calculation. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). However, the Court need not reach the question of whether this calculation of attorney's fees is reasonable by a preponderance of the evidence because the statutory amount in controversy has already been met.

---

[1] Defendant provides a list of comparable case outcomes with five- and six-digit attorney's fee awards in its Request for Judicial Notice ("RJN," Dkt. No. 16). As the Court found the statutory amount in controversy was satisfied without relying on attorney's fees, the RJN is **DENIED** as moot.

      Based on the foregoing, the amount in controversy, excluding attorney fees, is approximately $199,625.13. The Court therefore concludes that Defendant has met its burden to show by a preponderance of the evidence that the amount in controversy exceeds $75,000 as required for diversity jurisdiction.

## IV.   Conclusion

      For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand.

      **IT IS SO ORDERED**.